# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KINH DUC TRAN,<br><br>                              Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                              Respondent. | Case No.: 10-cr-03668-W<br>              15-cv-1191<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [DOC. 138]** |

    Petitioner David Kinh Duc Tran, a federal prisoner, filed a motion to vacate, set aside, or correct his sentence under Title 28, United States Code, Section 2255 (the "Petition"). (*See Petition* [Doc. 138].) Respondent United States of America opposes. (*See Opp'n* [Doc. 140].)

    The Court decides the matter on the papers submitted and without oral argument. See Civil Local Rule 7.1 (d)(1). For the reasons discussed below, the Court **DENIES** the Petition [Doc. 138].

1

## I. BACKGROUND

On September 1, 2010, a federal grand jury for the Southern District of California returned a five-count indictment charging Petitioner with sexual exploitation of a child in violation of 18 U.S.C. § 2251(c). (*See First Superseding Indictment* [Doc.32].) Petitioner pled not guilty to the indictment.

On April 24, 2012, a jury trial began. On the second day of trial during Respondent's case-in-chief, Petitioner decided to plead guilty to all five counts. The district court accepted Petitioner's guilty plea and on February 25, 2013, Petitioner was sentenced to 410 months (35 years) in custody. (*Judgment* [Doc. 119].)

On March 7, 2013, Petitioner filed a notice of appeal. He argued that the district court had no jurisdiction over his offenses, the district court committed plain error in taking his guilty plea, and his 35-year sentence was unreasonable. (*See Notice of Appeal* [Doc. 120].) On April 14, 2014, the Ninth Circuit rejected each argument, and affirmed his conviction and sentence. See United States v. Tran, 564 F. App'x 310 (9th Cir.), cert. denied, 134 S. Ct. 2317, 189 L. Ed. 2d 194 (2014).

On May 29, 2015, Petitioner filed the pending Petition asserting (1) the district court erred in finding that it had jurisdiction over Petitioner's actions, and (2) 18 U.S.C § 2251(c) is unconstitutional because it exceeds Congress' power under the Commerce Clause. (*Pet.* at 4–5, 7.) On April 22, 2016, Respondent filed its opposition. (*Opp'n* [Doc. 140].) Petitioner did not file a reply.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal sentencing court is authorized to discharge or re-sentence a defendant if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. This statute is

intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court.  See United States v. Addonizio, 442 U.S. 178, 185 (1979); Hernandez v. Campbell, 204 F.3d 861, 864 n.4 (9th Cir. 1999).

The remedy available under § 2255 is as broad and comprehensive as that provided by a writ of habeas corpus.  See United States v. Addonizio, 442 U.S. 178, 184-85 (1979).  But this remedy does not encompass all claimed errors in conviction and sentencing.  Id. at 187.  A mere error of law does not provide a basis for collateral attack unless the claimed error "resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure."  Hamilton v. United States, 67 F.3d 761, 763-64 (9th Cir. 1995) (quoting United States v. Timmreck, 441 U.S. 780, 783-84 (1979)).

### III.  DISCUSSION

Although the Petition identifies three grounds, each is based on the theory that 18 U.S.C. § 2251(c) is unconstitutional because it exceeds Congress' power under the Commerce Clause.  Petitioner is wrong.

There are three general categories of activity that Congress's commerce power gives it the authority to regulate: (1) channels of interstate commerce; (2) instrumentalities of interstate commerce, a persons or things in interstate commerce; and (3) activities that substantially affect interstate commerce.  United States v. McCalla, 545 F.3d 750, 754 (9th Cir. 2008).  However, unlike Congress's power to regulate interstate commerce, the power to regulate foreign commerce is not balanced against respect for a state's sovereign power.  As a result, the power to regulate foreign commerce is greater.  United States v. Clark, 435 F.3d 1100, 1103 (9thCir. 2006).

In McCalla, the Ninth Circuit evaluated a Commerce Clause challenge to regulate (i.e., eliminate) the production of homegrown, intrastate child pornography under §

2251(a). <u>Id.</u> 545 F.3d at 756. Relying on the Supreme Court's decision in <u>Gonzalez v. Raich</u>, 545 U.S. 1 (2005), the Ninth Circuit held Congress had the authority to regulate the noncommercial and intrastate production of child pornography on the basis that it substantially affects interstate commerce. <u>McCalla</u> at 755–756. Under the reasoning of <u>McCalla</u>, and given that Congress possesses greater power to regulate foreign commerce, the Court finds Petitioner's argument lacks merit. <u>See</u> <u>also</u> <u>United States v. Tran</u>, 564 F. App'x 310 (9th Cir.), cert. denied, 134 S. Ct. 2317, 189 L. Ed. 2d 194 (2014) (rejecting Petitioner's argument that his conduct crerated an insufficient effect on commerce); <u>United States v. Clark</u>, 435 F.3d 1100, 1107, 114 (9th Cir. 2006) ("Congress legitimately exercises its authority to regulate the channels of commerce where a crime committed on foreign soil is necessarily tied to travel in foreign commerce . . . .").

### IV.   CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** Petitioner's § 2255 motion to vacate, set aside, or correct his sentence [Doc. 138].

**IT IS SO ORDERED.**

Dated: August 31, 2016

_____
Hon. Thomas J. Whelan
United States District Judge